UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLACY WATSON HERRERA,

        Petitioner,        Case No. 2:24-cv-10544

v.

        HON MARK A. GOLDSMITH

ERIC RARDIN,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS (Dkt. 1)

Clacy Watson Herrera, a federal inmate imprisoned at FCI Milan, filed this petition for writ of habeas corpus under 28 U.S.C. § 2241. Herrera is serving a 258-month sentence for his Northern District of Illinois jury trial conviction of one count of conspiracy to import and export controlled substances, 21 U.S.C. § 963, six counts of importation of a controlled substance, 21 U.S.C. § 952, and one count of attempted importation of a controlled substance. 21 U.S.C. § 963. See United States v. Herrera, No. 01-CR-1098, 2023 WL 3947608 (N.D. Ill. June 12, 2023); Resp. at PageID.70.(Dkt. 6-1).

Herrera claims that the Bureau of Prisons (BOP) revoked twenty months of sentencing credit for the period he was detained in Panama awaiting extradition on the federal charges. Respondent asserts that the BOP properly determined that Herrera was not entitled to the credits because the sentencing court had already reduced Herrera's sentence to account for the period of detention in Panama.

After careful consideration, the Court denies the petition for writ of habeas corpus.

## I. BACKGROUND

In 2001, Herrera was charged in a multi-count indictment for his role in an international conspiracy whereby large quantities of cocaine and heroin were smuggled into the United States from Jamaica and Panama. Resp. at PageID.90. On October 22, 2007, Herrera was detained in Panama, and he remained in custody there for the next twenty months awaiting extradition to the United States. Id. at PageID.71. On June 24, 2009, Herrera was received into federal custody by the Marshal Service. Id.

Herrera was subsequently convicted of eight counts after a jury trial. At the sentencing hearing, the Court calculated the guidelines at 292-365 months. Id. at PageID.91. The Court stated that a 360-month sentence was appropriate, but it would sentence Herrera to a 340-month term to account for the period Herrera was detained in Panama:

> I think a guideline sentence is appropriate. I would think that even a high-end guideline sentence would be appropriate. And what I am thinking here is in the range of 360 months.
>
> I do recognize Mr. Watson Herrera was incarcerated in Panama for a number of months and that that may or may not be recognized by the Bureau of Prisons. As a result, I will reduce the sentence I would otherwise impose to 340 months in the Bureau of Prisons.

N.D. Ill. Case. No. 01-1098 7/22/01 Tr. at 130 (Dkt. 911).

In 2014, Herrera moved under 18 U.S.C. § 3582(c)(2), for a sentence reduction. N.D. Ill. Case No. 01-1098, Mot. Red. Sent. (Dkt. 937). The court granted the request, and it reduced Herrera's sentence to 258 months, stating that the sentence was to commence on June 25, 2009, the date Herrera was taken into federal custody. C. Hendrix Decl. at PageID.90 (Dkt. 6-1). The BOP's calculation of Herrera's sentence did not include any credit for the twenty months Herrera spent in detention in Panama. Id. at PageID.65.

In 2023, Herrera filed an administrative proceeding in the BOP, claiming that he was entitled to credit for the time he was detained in Panama. Petition at PageID.8–17 (Dkt. 1). The BOP responded that Herrera was not entitled to additional credit because it had already been accounted for by the court's sentence. Reply Br. at PageID.128 (Dkt. 7). Herrera appealed to the BOP Central Office, but on January 18, 2024, the appeal was rejected because of filing deficiencies and because the appeal was untimely. Petition at PageID.18. Herrera thereafter filed the instant habeas petition under 28 U.S.C. § 2241.

## II.   ANALYSIS

The calculation of a federal prisoner's sentence is the responsibility of the Attorney General, acting through the BOP. United States v. Wilson, 503 U.S. 329, 334–35 (1991). Claims challenging the manner in which the BOP calculates a prisoner's sentence are properly raised in a petition for writ of habeas corpus under § 2241 in the district where the petitioner is imprisoned. See Terrell v. United States, 564 F.3d 442, 447 (6th Cir. 2009). A district court may grant § 2241 relief when the BOP miscalculates a sentence. McClain v. Bureau of Prisons, 9 F.3d 503, 505 (6th Cir. 1993).

Under 18 U.S.C. § 3585 a defendant receives credit for a period of pre-sentence incarceration if he was incarcerated "(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence." 18 U.S.C. § 3585(b). The United States Supreme Court has made clear that "§ 3585(b) does not authorize a district court to compute the credit at sentencing." Wilson, 503 U.S. at 334. Rather, the computation is to be made by the Attorney General, through the BOP, after the defendant begins his sentence. See id. at 333–335.

3

Herrera argues that under Wilson the BOP is obligated under § 3585(b) to award credit for his Panama detention, and he asserts that the court's statement during the sentencing hearing reflects an intent that he receives that credit. Respondent asserts that granting relief to Herrara would award him with double credit because the sentencing court stated that it had already shortened the sentence it was prepared to impose to account for the detention in Panama.

Precisely this issue arose in Galvis-Pena v. Stone, CV 314-083, 2014 U.S. Dist. LEXIS 180338 (S.D. Ga. Dec. 19, 2014). In that case, the defendant spent a period of time detained in Colombia awaiting extradition to the United States on federal charges. The court reduced the defendant's sentence to account for the period he was detained in Colombia as there was uncertainty whether the BOP would grant the credit. Id., at *1–3. The BOP subsequently denied the defendant § 3585(b) credit because the court had already taken the period of detention into account at sentencing. Id., at *3–4.

The court denied the defendant's § 2241 habeas petition because § 3585 prohibits a defendant from receiving double credit:

> [U]nder no circumstances may a defendant receive double credit for time served prior to sentencing. Section 3585 expresses this principle in two ways, first by providing that a defendant shall receive credit for "the time he has spent in official detention prior to the date the sentence commences." Id. A defendant must therefore receive credit equal to, but not more or less than, the time in detention prior to sentencing. Second, § 3585 provides that a defendant is ineligible for a credit to the extent time in detention has "been credited against another sentence." Id. In sum, when read together, these components of § 3585 provide that one day in presentence detention equals one day of credit that can be applied only once. Petitioner runs headlong into this core principle of § 3585 by demanding that the BOP credit eleven months of detention in a Colombian prison even though the sentencing judge already gave him credit for that same time period.

Id. at *3–4.

The rejoinder to this line of reasoning would be that the sentencing court was prohibited under Wilson from granting § 3585 sentencing credit. So, whether or not the court was motivated

4

by the pre-sentence detention as a reason for reducing the sentence, the reduction did not constitute § 3585 sentencing credit that the BOP, and only the BOP, is nevertheless obligated to award.

This line of reasoning, if accepted, would only compound an error that already worked to a defendant's advantage:

> First, defendants like Petitioner elevate statutory form far over substance by demanding double credit based solely on the technicality that the BOP should have granted the credit after sentencing rather than the sentencing judge during sentencing. While § 3585 does delegate this administrative duty to the BOP, a technical violation of this delegation does not justify violating the statute's core principle of prohibiting double credit. Indeed, Petitioner's request would not erase the technical violation but, instead, would exacerbate the problem by adding an egregious violation of a core § 3585 principle.
>
> Second, and just as importantly, the BOP has not abandoned its administrative duty under § 3585 to determine whether and to what extent Petitioner is entitled to a credit. On the contrary, the BOP determined that (1) the sentencing judge correctly calculated and applied credit for Petitioner's pretrial detention in a Colombian prison; and (2) it could not award Petitioner an additional credit for the same period of detention because of the statutory double credit prohibition. This determination by the BOP is correct, and certainly well within reason under the deferential standard that applies to its interpretation and application of § 3585. See Alabama Power Co. v. F.E.R.C., 22 F.3d 270, 272 (11th Cir. 1994) (holding that courts must defer to agency's construction so long as it is reasonable when Congress has not spoken to the precise issue presented).

Id. at *8–9. See also Sierra v. Owen, 12-cv-00830, 2012 WL 5430945 (D.S.C. Oct. 16, 2012).

The sentencing court should not have attempted to circumvent the BOP's exclusive authority to grant § 3585 credits. But if it was error for the court to do so, it was an error that worked to Herrera's benefit; the sentencing court attempted to ensure that his sentence was reduced for the period of his Panamanian detention. Awarding credit for this period of detention a second time would not correct any error; it would compound the error further in Herrera's favor.

### III. CONCLUSION

For the reasons set forth above, the Court dismisses the petition for writ of habeas corpus.

5

Finally, Herrera is not required to apply for a certificate of appealability if he attempts to appeal this decision because "the statutory language imposing the certificate-of-appealability requirement clearly does not extend to cases where . . . detention arose out of federal process but the proceeding is not under § 2255." <u>Witham v. United States</u>, 355 F.3d 501, 504 (6th Cir. 2004).

**IT IS SO ORDERED**.

Dated: June 10, 2025　　　　　　　　　　　　　s/Mark A. Goldsmith
Detroit, Michigan　　　　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 10, 2025.

　　　　　　　　　　　　　　　　　　　　　s/Joseph Heacox
　　　　　　　　　　　　　　　　　　　　　Joseph Heacox
　　　　　　　　　　　　　　　　　　　　　Case Manager